FILED
MAR 1 3 2019
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CR 19-028 (EGS) |
| v. : | |
| : | |
| KENDRA COLES, : | |
| : | |
| Defendant. : | |

## STATEMENT OF OFFENSE IN SUPPORT OF GUILTY PLEA

I. **Count I – Bribery, in violation of 18 U.S.C. § 201**

1. The defendant Kendra Coles (hereinafter, the "Defendant" or "Coles") was hired by the District of Columbia Metropolitan Police Department ("MPD") in 2006 as a customer service representative. Coles's duties as a customer service representative included answering phones, assisting citizens at the front counter of a station, retrieving property and filing reports, providing copies of reports to eligible citizens, and signing for property taken into departmental custody.

2. From approximately 2006 to late 2012, Coles worked at the Third District police station, commonly referred to as "3D."

3. In late 2012, Coles transferred to MPD's Patrol Services and School Safety Bureau ("PSSSB") where her title changed to staff assistant, and she worked under the supervision of Assistant Chief Diane Groomes.

4. In each of these positions, as an MPD employee, Coles had an official duty to follow MPD General Orders.

1

5.  In approximately 2015 or 2016, the Defendant met Warren Johnson ("Johnson") at a "Beat the Streets" event hosted by MPD. The Defendant was introduced to Johnson by an acquaintance who informed the Defendant that Johnson was interested in obtaining "names." Coles understood the term "names" to mean the names and associated information of individuals involved in traffic crashes. Sometime thereafter, Coles and Johnson agreed that Coles would provide Johnson with information related to individuals involved in traffic crashes in exchange for money.

6.  In approximately 2015 or 2016, the Defendant was contacted at her desk number at the PSSSB by Marvin Parker ("Parker"). Parker informed the Defendant that he had an opportunity he wanted to speak with her about and the Defendant agreed to contact Parker at a later date. Sometime thereafter, Coles and Parker agreed that Coles would provide Parker with information related to individuals involved in traffic crashes in exchange for money.

7.  On January 14, 2015, MPD issued MPD General Order No. 401.03, Traffic Crash Reports, which was distributed to all MPD employees, including Coles. In particular, MPD General Order No. 401.03 states, in relevant part, that only the following persons are permitted to view and/or obtain free copies of a PD Form 10 at a district/element or at the Public Documents Section: (1) A person involved in a crash; their spouse; or if a juvenile, their parent or guardian; the owner of the vehicle; or his or her duly authorized agent; and (2) Investigators, attorneys, and/or their staff representing a party involved in a crash.

8.  On August 23, 2015, MPD began utilizing a system called COBALT. COBALT is an online electronic record management system utilized by MPD to manage reports for all incidents handled by MPD officers. Included in the types of reports accessible through the COBALT system are MPD Traffic Crash Reports, formerly labeled as a Form PD-10 (Traffic

Accident Report), that contain information about individuals involved in traffic crashes in the District of Columbia, including their names, addresses, telephone numbers, and other identifying information.

9. The Defendant was provided access to COBALT as part of her duties and responsibilities with MPD. In order to gain access to COBALT, the Defendant used a unique login that was assigned to her and a password that she created. At no point did Coles ever share her COBALT login and password with anyone else.

10. After the issuance of MPD General Order No. 401.03, Coles provided Traffic Crash Reports and/or information contained within Traffic Crash Reports to Johnson and Parker in exchange for money.

11. Specifically, Parker paid Coles approximately $500 per week in cash for the Traffic Crash Report information. Johnson paid Coles approximately $350 per week in cash for the Traffic Crash Report information.

12. Coles usually provided Johnson and Parker with information contained in Traffic Crash Reports by creating handwritten ledgers on lined paper. These ledgers contained the following information that she obtained from multiple Traffic Crash Reports in Cobalt: (1) Central Complaint Number ("CCN"), (2) crash victim's name, and (3) crash victim's phone number. Coles would also notate next to the CCN, the nature of the crash, such as whether it included an injury, property damage ("PD"), or was a hit and run ("H+R"). Coles made these notations because Johnson informed Coles that he was particularly interested in obtaining information from Traffic Crash Reports where there was an injury. Coles would then take a picture of the handwritten ledgers and send them by text message to Johnson at one or both of the

following phone numbers: 202-423-9181 and 202-704-5927. Coles emailed the pictures of the ledgers to Parker at Parker's email address: rpminternational1@gmail.com.

13. On June 7, 2017, MPD's Office of Risk Management (ORM) released Audit 2017-AUD-012; Audit of the PD Form 10-B Files (Application for a Traffic Crash Report) (the "Audit"). The Audit was conducted because MPD received information from the District of Columbia Bar's Office of Disciplinary Council of the Committee on Anti-Solicitation for the Trial Lawyers Association of Metropolitan Washington that District of Columbia lawyers, through intermediaries known as "Runners," were gaining access to MPD Traffic Crash Reports. The information from these Traffic Crash Reports was then used in an effort to solicit the people involved in the traffic crashes to become clients of the law firms within several days of the event, in violation of 22 D.C. Code Section 3225.14.

14. A separate audit was then conducted by MPD's IAD which revealed that between June 1, 2017 and October 6, 2017, Coles's COBALT account accessed Traffic Crash Reports 3,367 times.

15. In total, between August 23, 2015, and October 7, 2017, Coles received in excess of $40,000 from Johnson and Parker as payment for providing them with Traffic Crash Reports. During the entirety of this time period, Coles was a "public official" as defined in 18 U.S.C. § 201(a)(1), because she was an employee of MPD, a department of the District of Columbia government. Coles received payments from both Johnson and Parker in return for being influenced in the performance of an official act and for acting in violation of her official duty. In doing so, Coles acted corruptly.

16. The defendant admits that the at least $40,000.00 in bribes she personally obtained as a result of the bribery scheme described above have been dissipated by her and cannot be

4

located upon the exercise of due diligence; have been transferred or sold to, or deposited with, a third party; and/or have been placed beyond the jurisdiction of the Court.

## II.  Count II, Conspiracy to Commit Insurance Fraud, in violation of 22 D.C. Code §§ 1805(a)(1), 3225.02

1. On Monday July 31, 2017 at approximately 10:43 pm, DC Fire & EMS was alerted of a vehicle fire near the 4500 block of Lee Street NE in the District of Columbia. Units from the D.C. Metropolitan Police Department and Fire and Emergency Medical Services responded, found a fire involving a vehicle, extinguished the fire and secured the scene. The vehicle was a 2005 Honda Accord EX sedan with a VIN of 1HGCM66805A049798 and Maryland license plate number 5BF1710 (the "Vehicle"). Investigators Wilson and Somers, Arson Investigators in the District of Columbia Fire/EMS Department Fire Investigation Unit, responded to the incident to conduct an origin and cause investigation. Fire damage was found throughout the passenger compartment with extension of fire damage to the engine compartment. The fire did not damage the trunk and no personal belongings were found. It was determined that the fire was intentionally ignited within the passenger compartment using an open flame.

2. In or around 2013, Kendra Coles, formerly known as Kendra Whitaker (the "Defendant") purchased the Vehicle. In 2017, the Defendant insured the Vehicle through an automobile insurance policy with the Government Employees Insurance Company ("GEICO").

3. In late June 2017, the Defendant had the Vehicle towed to Tong's Auto Care in Glenn Dale, Maryland due to maintenance issues. Ulric Tong, the owner, performed a diagnostic on the vehicle and, thereafter, informed the Defendant that the Vehicle needed a new transmission that would cost between $1,000 and $2,400 for parts and an additional $700 for labor. After the Defendant was advised about the necessary repairs and cost, she took the Vehicle and drove off without any repairs being made.

4. At or around this same time, the Vehicle had outstanding unpaid parking tickets with the District of Columbia Department of Motor Vehicles ("DMV") totaling approximately $1,505.00 in fines and fees.

5. Based on the necessary repairs to the Vehicle and the outstanding unpaid parking tickets with the DMV, between June 2017 and August 2017, the Defendant entered into a conspiracy with a family friend named Earl Johnson ("Johnson"). The primary object of the conspiracy was to fraudulently obtain U.S. currency from GEICO by providing false information in connection with a claim for payment under the Defendant's insurance policy with GEICO.

6. During the course of and in furtherance of the conspiracy, and to effect the object thereof, the Defendant and Johnson did commit the following overt acts:

- Between June 2017 and July 2017, the Defendant and Johnson spoke on the phone and met in person about Johnson assisting the Defendant with getting rid of the Vehicle.

- On July 31, 2017, the Defendant drove the Vehicle to an area near the Idea Public Charter School, which is located at 1027 45th Street, NE, Washington, DC.

- Thereafter, the Defendant left the Vehicle with the intention that Johnson would take possession of it for the purpose of getting rid of it.

- After leaving the Vehicle, the Defendant called her husband and told him to meet her on Division Avenue, NE, in Washington, DC to pick her up.

- The Defendant's husband picked up the Defendant near Division Avenue, NE and while they drove away, the Defendant observed smoke in the rear view mirror. The smoke was coming from the area where the Defendant had left the Vehicle for Johnson.

- On August 1, 2017, the Defendant filed a theft report with the Prince George's County Police Department, in which she reported that she had last seen her vehicle when she parked it at 10:20 pm on July 31, 2017, and discovered that the vehicle was missing at 7:50 a.m. on August 1, 2017.

- The Defendant filed an insurance claim with GEICO for the theft of the vehicle. As part of her claim to GEICO, the Defendant stated, among other things, that she (a) parked the Vehicle in front of her house around 9 or 10 pm on Monday, (b) saw the Vehicle on Monday and (c) discovered the Vehicle missing when she got ready to go to work on Tuesday.

- Between September, 2017 and October, 2017, GEICO paid the Defendant in excess of $1,000.00, in accordance with the terms of the Defendant's automobile policy with GEICO, as payment for the insurance claim submitted by the Defendant for the theft of the Vehicle.

Respectfully submitted,

JESSIE K. LIU
United States Attorney
D.C. Bar No. 472845

By: *[signature]*

David Misler
D.C. Bar No. 991475
Puja Bhatia
D.C. Bar No. 1009466
Assistant United States Attorneys

## DEFENDANT'S ACKNOWLEDGMENT

I have read this factual proffer, understand it, and agree that it is true and accurate. While it is not a complete recitation of all that I did or all that I know, it represents some of my conduct and some of my knowledge concerning my own involvement in illegal activity as well as the activities of some of my co-conspirators. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this factual proffer fully.

Date: January 28, 2019           _Kendra Coles_
                                  Kendra Coles, Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this factual proffer, reviewed them with my client, and discussed it with my client.

Date: 1-28-19                    _Billy Ponds_
                                  Billy Ponds
                                  Counsel for Defendant

8